IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 JUN 16 PM 3:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 16 2004

CHARLES E. KEAN,                 }
                                 }   CIVIL ACTION NO.
     Plaintiff,                  }   03-AR-1011-M
                                 }
v.                               }
                                 }
ROLLINS LEASING, LLC,            }
                                 }
     Defendant.                  }

**MEMORANDUM OPINION**

Before the court is the motion for summary judgment and evidentiary submissions filed on May 14, 2004 by defendant, Rollins Leasing, L.L.C. ("Rollins"). Plaintiff, Charles E. Kean ("Kean"), filed this suit pursuant to the Age Discrimination and Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, ("ADA"), alleging that Rollins dismissed him as its Gadsden/Fort Payne service manager in violation of the ADEA and ADA. As it must do in order to obtain summary judgment, Rollins asserts that the undisputed evidence eliminates Kean's claims both under the ADEA and the ADA. Not only does Rollins claim that there is no evidence that would establish a *prima facie* case, but that there is undisputed evidence of its legitimate, nondiscriminatory reason for dismissing Kean, i.e., Kean was caught submitting false requests for mileage reimbursement.

*Procedural History*

The court ordered Kean to respond to Rollins' motion before 4:30 p.m. on May 28, 2004 if he intended to challenge the motion. Kean has filed no response.

*Undisputed Facts*

Rollins acquired Truck Rentals of Alabama ("TRA") on March 4, 1988. Rollins retained Kean, who had been a service manager with TRA, as the service manager supervising Rollins' Gadsden and Fort Payne branches. Kean's duties required him to travel between those branch locations frequently -- approximately a 50-mile trip. Although Rollins provided company vehicles to service managers for travel between branches, Kean's medical condition prevented him from driving the vehicle Rollins provided. Therefore, Rollins and Kean agreed that Kean could drive his personal vehicle and submit his work-related mileage for reimbursement.

Kean recorded the mileage on a legal pad and submitted it to Rollins for reimbursement. On June 11, 1997, Tom Meyers, Rollins' district manager, and Tim Mathews, Kean's immediate supervisor, met with Kean concerning his reimbursement requests for February 18-21, March 3, April 1, April 4, and May 6-7, 1997. While Kean had requested reimbursement for mileage on those dates, he had also called in sick or taken vacation leave on each of those dates. In other words, Kean had requested and received mileage reimbursement

when he did not work.

### *Analysis*

Assuming for purposes of analysis that Kean could establish *prima facie* cases of age and/or disability discrimination, Rollins has met its "exceedingly light" burden of producing a legitimate, nondiscriminatory reason for Kean's dismissal. *Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983). Kean submitted false documentation to Rollins in order to receive money. This constitutes a legitimate, nondiscriminatory reason for dismissing Kean if anything does. *See, e.g., Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1375 (11th Cir. 1996) (plaintiff's lies about his whereabouts on a day he had requested vacation established legitimate, nondiscriminatory reason); *Morgan v. City of Jasper*, 959 F.2d 1542, 1550 (11th Cir. 1992) (plaintiff's false statement on employee application constituted a legitimate, nondiscriminatory reason). Once a "legitimate, nondiscriminatory reason for dismissal is put forward by the employer, the burden returns to the plaintiff to prove by significantly probative evidence that the proffered reason is pretext for discrimination." *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989). Kean has made no attempt to prove that Rollins' proffered reason is pretext for discrimination. The court, therefore, necessarily finds that Rollins is entitled to judgment as a matter of law. Rollins'

motion for summary judgment will be granted by separate order.

DONE this __16th__ day of June, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE